## COLVIN v. MARTIN.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. TRUST DEED—VALIDITY.

    A conveyance in trust to be held by the grantee for the grantor's benefit, the income to be applied to his use, is valid.

2. SAME—POWERS OF BENEFICIARY.

    After a conveyance in trust, to be held for the grantor's use, and the income to be paid to him, an agreement by the grantor that the income should be applied to certain mortgages on the property is valid, where on the strength of such agreement the mortgagee cancels the mortgages.

3. PLEADING—ADMISSIONS AND DENIALS.

    An answer denied all the allegations in the complaint not specifically admitted, and in setting up a separate defense stated, "Repeating the

allegations above set forth, defendant alleges," etc. *Held*, that the "allegations" included the denials of the preceding part of the answer, and the separate defense did not proceed on the admission of the averments so denied.

Appeal from special term, New York county.

Action by Henry Colvin against Elizabeth Martin. From an interlocutory judgment overruling a demurrer to defendant's separate defense, plaintiff appeals. Affirmed.

The following is the opinion of the court below (SCOTT, J.):

The defense demurred to (the facts therein alleged being admitted by the demurrer) shows that the real property involved was conveyed to the defendant by Robert Colvin at plaintiff's request, and with the agreement that she should hold the same as trustee for plaintiff, and apply the same to his use and benefit. Such a trust does not contravene any provision of the statute; and it is not alleged, either in the complaint or the answer, that the plaintiff labored under any mental disability when he induced and persuaded Robert Colvin to convey the property to the defendant. The answer does not allege, as the plaintiff seems to assume, that the property was conveyed to defendant in trust to pay the plaintiff's debts to Samuel W. Martin out of the rents and profits to be derived from the real estate, but specifically alleges that the agreement as to such payment was made after the conveyance to defendant. The situation, as disclosed by the complaint and the second separate defense, is that plaintiff conveyed his property to Robert Colvin under circumstances which perhaps rendered the conveyance voidable, but not actually void; that subsequently, at plaintiff's request, and by his persuasion, Robert Colvin conveyed the property to the defendant upon a valid trust to hold the same and apply the proceeds to the plaintiff's use and benefit; that, inasmuch as no allegation is made to the contrary, it is to be presumed that plaintiff was mentally capable when he assented to and procured this conveyance to defendant; that, after the conveyance to the defendant, plaintiff agreed that the proceeds of the property should be applied to paying certain mortgages upon the property theretofore given by him to Samuel W. Martin for moneys advanced, and also certain unsecured indebtedness due to said Martin, and certain advances thereafter to be made by said Martin; that in reliance upon this agreement, and in consideration thereof, Samuel W. Martin not only canceled the mortgages he held, but advanced from time to time divers other moneys to the plaintiff, which have not been repaid to him. If the trust to defendant to hold the property for plaintiff and apply the proceeds to his use and benefit was valid, he certainly had the right to agree with Samuel W. Martin that, if the latter would advance him money as he required it, the rents and profits, as they accrued, should be applied to the reduction of the indebtedness thus created; and it would be highly inequitable to permit him now, without offering to restore anything which he has received, to repossess himself of the property. At all events, before he can be permitted to do so Samuel W. Martin should be brought in as a party defendant. The demurrer must be overruled, with costs, with leave to the plaintiff, upon payment of costs within twenty days, to amend his complaint, or to reply, as he may be advised.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. L. Mooney, for appellant.
F. D. Dowley, for respondent.

PER CURIAM. The plaintiff demurred to a separate defense set up in the answer. The action was brought to set aside certain conveyances by which the title to a one-half interest in fee at one time owned by the plaintiff in the premises described in the complaint be-

came vested in the defendant, and for an account of one-half of the rents, issues, and profits of such premises. The plaintiff averred that the deeds made by him were executed while he was mentally incompetent, and in pursuance of a fraudulent purpose on the part of the defendant and another to obtain the property. The answer contains certain admissions and denials of the averments of the complaint, and then proceeds to set up as a defense facts relied upon to show that the conveyance by which she became invested with the title to the one-half interest was valid, made with the assent of the plaintiff upon lawful consideration, and for objects beneficial to the plaintiff. The principal subjects of consideration raised by the demurrer have been so satisfactorily disposed of by the justice at special term that it is unnecessary, concerning them, to add anything to the views expressed in his opinion. There is one matter, however, to which no reference is made in that opinion. It is insisted by the appellant that the separate defense is unavailing because it proceeds upon an admission that the deeds which the plaintiff seeks to set aside were executed by him while he was incompetent, and through a fraudulent agreement in which the defendant participated. This claim of the appellant is entirely without foundation. The defendant denied all the allegations contained in the complaint not specifically admitted. In setting up the separate defense, the defendant repeats the allegations previously made in her answer. Those allegations consist of admissions of some and denials of others of the averments of the complaint, among the latter being those of the incompetency of the plaintiff and of fraud. Thus the denial of the allegation that the deeds were executed as the plaintiff averred was incorporated in, and became part of, the second defense.

The interlocutory judgment should be affirmed, with costs, with leave to plaintiff to withdraw demurrer on payment of costs in this court and in the court below.